# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY LEE KENNEMER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN BROOKSHIRE,<br><br>Defendant. | Case No. 3:24-cv-00521-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Kelly Lee Kennemer's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.      **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on*

*other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Moreover, even if a complaint meets the pleading requirements, dismissal under

§§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar

to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty.*

*Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks

omitted).

## 2.    Factual Allegations

Plaintiff is an inmate in the Nez Perce County Adult Detention Center in

Lewiston, Idaho. Plaintiff alleges that Defendant Stephen Brookshire, a Clearwater

County law enforcement officer, testified falsely at Plaintiff's preliminary hearing

on state criminal charges of aggravated battery and attempted murder. *Compl.*, Dkt.

3, at 2. Plaintiff alleges that he has been wrongfully detained in jail as a result.

Plaintiff seeks monetary damages.

## 3.    Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court

will, however, grant Plaintiff 28 days to amend the Complaint. Any amended

complaint should take into consideration the following.

### A.    *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute.

*Compl.* at 1. To state a plausible civil rights claim, a plaintiff must allege a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

violation of rights protected by the Constitution or created by federal statute

proximately caused by conduct of a person acting under color of state law.

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a

constitutional deprivation within the meaning of § 1983 "if he does an affirmative

act, participates in another's affirmative acts, or omits to perform an act which he

is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d

740, 743 (9th Cir. 1978).

A plaintiff cannot simply restate these standards of law in a complaint.

Instead, a plaintiff must provide specific facts supporting the elements of each

claim and must allege facts showing a causal link between each defendant and

Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not

enough. *Iqbal*, 556 U.S. at 679.

Plaintiff asserts that his present detention is unlawful as a result of

Defendant's testimony in Plaintiff's state court criminal case. However, federal

courts usually must abstain from hearing civil rights actions that challenge pending

state criminal proceedings. This Court can hear such an action only if "the threat to

the plaintiff's federally protected rights … cannot be eliminated by his defense

against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

For a court properly to abstain from hearing a case under the *Younger*

doctrine, three factors must be present: (1) there must be an ongoing state judicial

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a court may entertain the action only if "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate"; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions"; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53–54.

In this case, if this Court were to interfere in Plaintiff's ongoing state criminal case, the principle of comity would not be served. Important state interests are at stake where criminal proceedings are involved, as discussed in *Younger*. Plaintiff has a remedy in the state court system, and there is no indication that the state courts are not fully capable and willing to adjudicate the constitutional issues raised by Plaintiff. Because the three *Younger* abstention factors are present, and because no "extraordinary circumstances" appear to exist to allow Plaintiff to proceed on his federal claims at this time, the Court concludes that abstaining from Plaintiff's civil rights claims is likely appropriate.

If Plaintiff is no longer facing criminal charges but, instead, has been convicted of those charges, then his claims are likely barred by another legal

doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid."

That is, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Plaintiff will have an opportunity to explain the current status of his state criminal charges and how his present detention relates to the claims in the Complaint.

### B.    *State Law Claims*

In addition to § 1983 claims, Plaintiff asserts state law claims under the Idaho Constitution and under Title 18 of the Idaho Code. *Compl*. at 2. Plaintiff's

state constitutional claims are implausible because "Idaho does not recognize a direct cause of action for violations of the Idaho Constitution." *Hill v. Cnty. of Benewah*, No. 2:18-CV-00320-DCN, 2020 WL 1049905, at *7 (D. Idaho Mar. 4, 2020) (unpublished), *aff'd*, 843 F. App'x 975 (9th Cir. 2021).

Plaintiff's claims under Title 18 of the Idaho Code are also implausible. Title 18—which is part of Idaho's criminal code—does not confer a private right of action. *Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (Idaho 1996) (holding that no private cause of action existed under state criminal statute because, "[i]n the absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate.").

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff files an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

**4.    Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that his claims are not barred by *Younger* or *Heck*, as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2.    If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

3.    Because an amended complaint is required for Plaintiff to proceed,

      Plaintiff's request for appointment of counsel (contained in the

      Complaint) is DENIED without prejudice. Plaintiff may renew the

      request for counsel in an amended complaint.


DATED: March 24, 2025

B. Lynn Winmill
U.S. District Court Judge