UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY LEE KENNEMER,<br><br>                    Plaintiff,<br><br>      v.<br><br>STEPHEN BROOKSHIRE,<br><br>                    Defendant. | Case No. 3:24-cv-00521-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Kelly Lee Kennemer is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 8.

Plaintiff has now filed an Amended Complaint. Dkt. 12. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case under *Younger v. Harris*, 401 U.S. 37 (1971).

1.    **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl*. at 4. Unlike criminal

defendants, prisoners and indigents in civil actions have no constitutional right to

counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*,

452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is

within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986).

In civil cases, counsel should be appointed only in "exceptional

circumstances." *Id*. To determine whether exceptional circumstances exist, the

court should evaluate two factors: (1) the likelihood of success on the merits of the

case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the

complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Further, an attorney cannot be forced to represent an indigent litigant in a civil

case—rather, the attorney can only be "appointed" if she voluntarily accepts the

appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296,

298 (1989) (holding that the appointment of counsel provision in § 1915, formerly

found in subsection (d), does not "authorize[] a federal court to require an

unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v.*

*Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017)

("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, the Court must abstain from hearing this case under the *Younger* doctrine; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**2.      Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are

"merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As the Court explained in its Initial Review Order, however, a civil rights claim challenging ongoing state criminal proceedings generally cannot be heard in federal court.

In *Younger v. Harris*, the Supreme Court held that a federal court cannot entertain an action challenging such proceedings unless "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." 401 U.S. at 46. The Court informed Plaintiff that, to show *Younger* abstention is inappropriate, he must show that irreparable injury is both "great and immediate," that the state proceeding is "flagrantly and patently violative of express constitutional prohibitions," or that "bad faith, harassment, or any other unusual circumstances" exist. *Id.* at 46, 53–54.

The Amended Complaint does not set forth any such circumstances. The Court has confirmed, via the iCourt database, that the criminal case Plaintiff

challenges in this action remains pending, with a trial date set in September 2025.

*See State v. Kennemer*, Clearwater County Case No. CR-18-22-0753,

https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0,

(accessed July 31, 2025); *Am. Compl* at 3 (providing state court criminal case

number). Accordingly, this Court must abstain from hearing this civil rights action

under the *Younger* doctrine.

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's request for appointment of counsel (contained in the
    Amended Complaint) is DENIED.

2.  This entire case is DISMISSED without prejudice under *Younger v.
    Harris*.

3.  Because Plaintiff has already been granted in forma pauperis status,
    Plaintiff's second Application to Proceed In Forma Pauperis (Dkt. 13)
    is MOOT.

DATED: August 4, 2025

B. Lynn Winmill
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5